# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH LEGAT, | ) |
| Plaintiff, | ) |
| | ) No. 20 C 6830 |
| v. | ) |
| | ) Judge Robert W. Gettleman |
| LEGAT ARCHITECTS, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION & ORDER

Plaintiff Joseph Legat filed a six count complaint against Legat Architects, Inc., alleging violations of the Lanham Act, the Illinois Uniform Deceptive Trade Practices Act, the Illinois Consumer Fraud and Deceptive Business Practices Act, as well as claims for common law service mark infringement and declaratory judgment.[1] Defendant has moved for judgment on the pleadings, arguing that plaintiff's claims are barred by res judicata. (Doc. 21). Defendant requests that the case be dismissed or stayed pending resolution of the state court appeal. For the reasons set forth below, defendant's motion is granted, and this case is stayed pending plaintiff's state court appeal.

## BACKGROUND

On October 10, 2018, plaintiff sued defendant in the Circuit Court of Lake County, Illinois, for breach of contract. After plaintiff's complaint was dismissed without prejudice on February 27, 2019, plaintiff amended his complaint three times, adding several claims including a claim for unjust enrichment. In his third amended complaint, plaintiff alleged that he retained ownership of the LEGAT trademark for architecture services after he sold his interest in the

---

[1] Plaintiff's complaint lists two counts as "Count V."

business in 1997, and that since 2017, defendant has been using the trademark without his authorization.

Defendant moved to dismiss plaintiff's unjust enrichment claim in the state court on the grounds that after plaintiff sold his stock in Legat Architects in 1997, plaintiff retained no right to the company's LEGAT brand, which became an asset of defendant. Defendant further argued that as a matter of law, the right to the LEGAT name passed to the new owners of the company and therefore plaintiff's unjust enrichment claim was barred. On August 4, 2019, after full briefing and oral argument, the Circuit Court agreed with defendant and dismissed plaintiff's suit with prejudice.[2]

Plaintiff filed a notice of appeal on November 17, 2020, but he was required to voluntary dismiss his appeal due to a pending sanctions motion against him. Plaintiff re-filed his notice of appeal on February 2, 2021.

Plaintiff filed the instant suit on November 18, 2020. Plaintiff alleges several violations of the Lanham Act along with state law claims for trademark infringement, violations of the Illinois Deceptive Trade Practices Act, and the Consumer Fraud and Deceptive Business Practices Act. Plaintiff also seeks a declaratory judgment that he is entitled to use the trademark LEGAT JOSPEH R. ARCHITECTS in his business. Defendant answered the complaint on January 19, 2021, asserting res judicata and several counterclaims.

## **DISCUSSION**

Defendant has moved for judgment on the pleadings, arguing that plaintiff's claims should be dismissed because they are precluded by the judgment of the state court. In a footnote,

---

[2] Specifically, the Circuit Court agreed that defendant had the right to use the LEGAT name after the 1997 sale.

2

defendant alternatively requests that the court stay the case pending resolution of plaintiff's state court appeal under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).

Whether a state-court judgment precludes claims in a subsequent federal case depends on the preclusion rules of the particular state. 28 U.S.C. § 1738; Rogers v. Desiderio, 58 F.3d 299, 301 (7th Cir. 1995). In Illinois, "the doctrine of res judicata [claim preclusion] provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent action between the same parties or their privies on the same causes of action. Res judicata bars not only what was actually decided in the first action but also whatever could have been decided." Hudson v. City of Chi., 889 N.E.2d 210, 213 (Ill. 2008) (internal citation omitted). Illinois interprets "same causes of action" broadly such that "separate claims will be considered the same cause of action for purposes of res judicata if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." River Park, Inc. v. City of Highland Park, 703 N.E.2d 883, 889 (1998); see also, Carr v. Tillery, 591 F.3d 909, 913 (7th Cir. 2010) ("You cannot maintain a suit, arising from the same transaction or events underlying a previous suit, simply by a change of legal theory. That is called 'claim splitting,' and is barred by the doctrine of res judicata.").

Some of the elements of claim preclusion are clearly met here. There can be no dispute about the first element; the parties in the Circuit Court action are identical to the parties in this case. Second, there clearly is an identity of causes of action. Plaintiff's claim for unjust enrichment in the Circuit Court action and his claims in the instant suit all stem from the same operative facts: plaintiff's allegations that defendant has wrongfully used the LEGAT name and

trademark since 2017. Rebranding the unjust enrichment claim as a Lanham Act claim does not save plaintiff's case.[3]

Plaintiff raises several counterarguments, though only two warrant discussion. First, plaintiff argues that his injury is a continuing wrong such that res judicata does not apply. The court disagrees. The continuing wrong exception allows a second action to proceed when the second action is based on a new harm that has arisen after entry of the prior judgment. See, for example, Holman v. Village of Alorton, 66 N.E.2d 841, 848 (Ill. App. Ct. 2016) (action seeking relief for failure by the defendant to make future installment payments required by a bankruptcy judgment would not be barred by res judicata because they constituted actions to enforce the bankruptcy judgment and were based on subsequent events). Plaintiff has not alleged a subsequent injury here.

Second, plaintiff argues that the similarity in factual matter relates only to foundational facts, as opposed to operative facts. This argument is unavailing. In the cases cited by plaintiff, the two relevant actions were legally distinct and required proof of different sets of facts. Unlike those cases, the claims in the instant suit relate to the same injury and same transaction as the state court suit—the harm from defendant's use of plaintiff's name and trademark. Further, to the extent there are new factual allegations or new claims (such as plaintiff's declaratory judgment claim), they are still barred by res judicata because plaintiff could have brought those claims in the Circuit Court action. Hudson v. City of Chi., 889 N.E.2d at 213 ("Res judicata bars not only

---

[3] Indeed, unjust enrichment is frequently pled as an alternative to trademark infringement, based on the same underlying factual allegations. See, e.g., IPOX Schuster, LLC v. Nikko Asset Mgmt. Co., Ltd., 191 F.Supp.3d 790, 803 (N.D. Ill. 2016) ("Portions of [plaintiff's] unjust enrichment and common law misappropriation claims are based on the misuse of [plaintiff's] trademark, reputation, and goodwill.").

4

what was actually decided in the first action but also whatever could have been decided."). All of plaintiff's current claims were readily available in his state court action.

That said, there is an open question as to whether a final judgment on the merits has been rendered in the state case. Plaintiff has an appeal pending, and Illinois law is unclear on whether a trial court's judgment is final for purposes of res judicata during the pendency of an appeal. See Rogers v. Desiderio, 58 F.3d 299, 302 (7th Cir. 1995) ("To be blunt, we have no idea what the law of Illinois is on the question whether a pending appeal destroys the claim preclusive effect of a judgment."); see also, Baek v. Clausen, 886 F.3d 652, 664 (7th Cir. 2018) (reiterating its holding in Rogers). As the Seventh Circuit explained in Rogers, and again in Baek, there is a split within Illinois appellate courts as to whether the filing of an appeal suspends the preclusive effect of a Circuit Court's judgment, and "[t]he Illinois Supreme Court has not clarified the issue in the 20 years since Rogers was decided." Thompson v. City of Chi. Bd. of Edu., 2016 WL 362375, at *3 (N.D. Ill. Jan. 29, 2016).

The Seventh Circuit has repeatedly affirmed that, "[u]nder the circumstances, a stay rather than immediate decision is the prudent course." Baek, 886 F.3d at 664; Rogers, 58 F.3d at 302 ("It is sensible to stay proceedings until an earlier-filed state case has reached a conclusion, and then (but only then) to dismiss the suit on the grounds of claim preclusion."); see also, Hearne v. Bd. of Edu. of City of Chi., 185 F.3d 770 (7th Cir. 1999). Following the Seventh Circuit's guidance, the case is stayed pending the state court appeal.

5

## CONCLUSION

Defendant's motion for judgment on the pleadings (Doc. 25) is granted and this case is stayed pending resolution plaintiff's state court appeal. The parties are directed to notify this court of the results of plaintiff's appeal as soon as that case is decided.

**ENTER:**

*/s/ Robert W. Gettleman*
**Robert W. Gettleman**
**United States District Judge**

**DATE: June 23, 2021**